IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PARENT OF JANE DOE and
JANE DOE,

                Plaintiffs,

  v.

SCHOOL DISTRICT OF JANESVILLE,
ABC INSURANCE COMPANY, JAMES LEMIRE,
and
AARON O'REILLY,

                Defendants.

ORDER

17-cv-451-jdp

---

      Plaintiff Jane Doe was a student at Edison Middle School in Janesville, Wisconsin. Jane and one of her parents allege that defendant Aaron O'Reilly, an employee at the school, sexually abused Jane and threatened her to keep the abuse secret. They also allege that defendant James LeMire, a school administrator, ignored warnings about the inappropriate relationship between the two and that defendant School District of Janesville failed to comply with various statutory requirements, including its obligation to train its employees on reporting abuse. Plaintiffs sued defendants in a Wisconsin state court, claiming intentional infliction of emotional distress, violations of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 *et seq.*, and violations of Wisconsin law on reporting child abuse, Wis. Stat. § 48.981. Defendants removed. Dkt. 1.

      The parties now jointly move to stay this case, arguing that they need a stay because there is a parallel criminal proceeding against O'Reilly in a state court. Dkt. 10. The court will deny their motion.

A stay of proceedings is reserved for "special circumstances" where a litigant faces "substantial and irreparable prejudice." *United States v. 6250 Ledge Rd., Egg Harbor, Wis.*, 943 F.2d 721, 729 (7th Cir. 1991) (quoting *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983)). The existence of a parallel criminal proceeding alone does not warrant a stay. *See id.*; *Bruner Corp. v. Balogh*, 819 F. Supp. 811, 813 (E.D. Wis. 1993) ("[I]t is not unconstitutional to force a litigant to choose between invoking the fifth amendment in a civil case, thus risking a loss there, or answering the questions in the civil context, thus risking subsequent criminal prosecution." (quoting *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985))). Rather, a party seeking a stay must "indicate with precision" how the party would suffer prejudice absent a stay. *6250 Ledge Rd., Egg Harbor, Wis.*, 943 F.2d at 730. Only after identifying "a pressing need for the stay" will a district court go on to consider various discretionary factors. *Black ex rel. Griffin v. Nelson*, No. 13-cv-312, 2013 WL 3224595, at *1 (E.D. Wis. June 25, 2013) (quoting *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)); *see also Chagolla v. City of Chi.*, 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008) (listing the discretionary factors). Here, the parties identify no prejudice justifying a stay.

The parties identify two ways in which O'Reilly *might* suffer prejudice: (1) O'Reilly "may be forced" to make self-incriminating statements; and (2) O'Reilly faces the burden of defending concurrent proceedings. Dkt. 10, ¶¶ 4, 6. Neither warrants a stay. As for the first point, "[a] blanket assertion" of the Fifth Amendment privilege against self-incriminating statements does not entitle O'Reilly to a stay. *6250 Ledge Rd., Egg Harbor, Wis.*, 943 F.2d at 729.

The parties also have not shown that litigating the two proceedings is burdensome for O'Reilly. O'Reilly was arraigned in May 2016—more than a year ago—but the parties

acknowledge that there is no trial date scheduled. Dkt. 10, ¶ 3. And although there are some activities in O'Reilly's criminal case, namely a calendar call scheduled for August 2017, O'Reilly must explain how the current criminal proceeding is actually burdensome. According to CCAP, there appears to be nothing for O'Reilly to do except for attending a calendar call scheduled for August 18, 2017. *See State of Wisconsin vs. O'Reilly*, No. 2016-CF-849 (Rock Cty. Cir. Ct.). The court is also less sympathetic because O'Reilly moves for a stay now, after freely consenting to remove the case to this court.

The parties have not shown any prejudice justifying a stay, so the court will deny their motion. That said, if O'Reilly later confronts concrete, actual prejudice in the future, he may ask for targeted relief such as a protective order or file a renewed motion for a stay, explaining his circumstances.

ORDER

IT IS ORDERED that the parties' joint motion to stay proceedings, Dkt. 10, is DENIED without prejudice.

Entered July 21, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge