IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PARENT OF JANE DOE and
JANE DOE,

           Plaintiffs,

v.

SCHOOL DISTRICT OF JANESVILLE,
ABC INSURANCE COMPANY,
JAMES LEMIRE, and AARON O'REILLY,

           Defendants.

ORDER

17-cv-451-jdp

---

Plaintiff Jane Doe was a student at Edison Middle School in Janesville, Wisconsin. Jane and one of her parents allege that defendant Aaron O'Reilly, an employee at the school, sexually abused Jane and threatened her to keep the abuse secret. They also allege that defendant James LeMire, a school administrator, ignored warnings about the abuse and that defendant School District of Janesville failed to comply with various statutory requirements, including its obligation to train its employees on reporting abuse. Plaintiffs sued defendants in Wisconsin state court, claiming intentional infliction of emotional distress, violations of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 *et seq.*, and violations of Wisconsin law on reporting child abuse, Wis. Stat. § 48.981. Defendants removed. Dkt. 1.

Now defendants' insurer, Emcasco Insurance Company, moves to intervene, to bifurcate proceedings, and to stay proceedings, contending that it is not required to defend O'Reilly, LeMire, and the School District. Dkt. 18. Emcasco wishes to bifurcate the proceedings to have the coverage issue decided before the merits of plaintiffs' claims and have

the merits proceeding stayed until resolution of the coverage issue. The court will allow Emcasco to intervene, but the court will not bifurcate or stay the proceedings.

Under Federal Rule of Civil Procedure 24(a), a party may intervene as a matter of right "when: (1) the motion to intervene is timely filed; (2) the proposed intervenors possess an interest related to the subject matter of the action; (3) disposition of the action threatens to impair that interest; and (4) the named parties inadequately represent that interest." *Wis. Educ. Ass'n Council v. Walker*, 705 F.3d 640, 657-58 (7th Cir. 2013). The proposed intervenors bear the burden of establishing each of these elements. *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007).

The court will allow Emcasco to intervene. It is not too late in the case for Emcasco to intervene: the dispositive motions are due May 11, 2018, and the trial will begin on October 15, 2018. Emcasco indicates that without intervention, it will bear considerable legal costs for defending this lawsuit when its insurance policies might not require Emcasco to do so. No party has objected to Emcasco's intervention.

The court will not stay or bifurcate the proceedings. As the court has already explained when the parties previously moved for a stay, a stay of proceedings is reserved for "special circumstances." *United States v. 6250 Ledge Rd., Egg Harbor, Wis.*, 943 F.2d 721, 729 (7th Cir. 1991) (quoting *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983)). Emcasco states that it is ready to submit a dispositive motion on its coverage defense against O'Reilly, but it concedes that the coverage defense against LeMire and the School District depends on the evidence plaintiffs will present later in this case. Emcasco can mitigate its legal costs for defending O'Reilly by promptly filing a dispositive motion. As for Emcasco's legal costs for LeMire and the School District, it is not clear that a stay or a bifurcation will help because

plaintiffs have not had to present any evidence yet. The court will deny Emcasco's request for bifurcation. Emcasco may file a dispositive motion raising its coverage defense against defendants at any time before the deadline for dispositive motions, May 11, 2018. Dkt. 12. Emcasco may file a separate, earlier dispositive motion against O'Reilly if Emcasco wishes. Emcasco must follow all other deadlines set by the pretrial conference order.

ORDER

IT IS ORDERED that intervenor Emcasco Insurance Company's motion to intervene, to stay proceedings, and to bifurcate proceedings, Dkt. 18, is GRANTED in part and DENIED in part. Emcasco Insurance Company must file all dispositive motions by the deadline for dispositive motions set by the court.

Entered November 3, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge